**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **ANDREW B. CLAYTON, SR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHRIS WILHELM,**<br><br>**Defendant.** | **Case No. 25–cv–13535–ESK–SAK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court *sua sponte* pursuant to 28 U.S.C. §(Section) 1915; and the Court finding:

1.    Plaintiff Andrew B. Clayton is incarcerated at Camden County Correctional Facility.   (ECF No. 25 (Second Am. Compl.) p. 1.)   Clayton filed the original complaint on July 18, 2025. (ECF No. 1.) Following two unsuccessful mailings of the Court' Rules and Preferences and guidelines for proceeding *pro se* (ECF No. 3; ECF No. 4), the Court administratively terminated the case pursuant to Local Civil Rule 10.1 (ECF No. 5).   Clayton provided updated addresses (ECF No. 7; ECF No. 9) as well as a renewed application to proceed *in forma pauperis* (ECF No. 11) and an amended complaint (ECF No. 12).

2.    In a May 8, 2026 order, the Court granted Clayton's application to proceed *in forma pauperis.*   (ECF No. 16 pp. 2, 3.)   The Court next screened the complaint pursuant to Section 1915.   In so doing, it declined to interpret the purported amended complaint as a new pleading because it complained of unrelated events such as his inability to obtain appropriate *in forma pauperis* forms.   (*Id.* p. 1 n. 1.)   The Court dismissed the original complaint without prejudice, noting that Clayton alleged that his rights were violated by an alleged forgery on a consent form used to obtain video footage.   (*Id.* pp. 2, 3.) He had failed to plead any requisite expectation of privacy in the footage to support his claim.   (*Id.* p. 3.)

3.    Clayton filed an amended complaint on June 8, 2026.   (ECF No. 17.) The Court advised that the amended complaint failed to provide a factual narrative of the wrongdoing alleged in the original complaint.   (ECF No. 18.)

Clayton was warned that further failure to comport with Federal Rule of Civil Procedure 8 would be met with dismissal with prejudice.    (*Id.*)

4.    Clayton then twice requested that the Court reopen the case.    (ECF No. 20; ECF No. 23.)    The Court advised following both requests that the case could only be reopened by the filing of a properly amended complaint.    (ECF No. 21; ECF No. 24 (July 8, 2026 Order).)    In the latter order, the Court again advised that failure to file an amended complaint could result in dismissal with prejudice.    (July 8, 2026 Order.)    The second amended complaint followed.

5.    Clayton again alleges that defendant Chris Wilhelm of the Bellmawr Police Department forged the signature of the consenting individual on a consent to search form.    (Second Am. Compl. p. 1.)[1]    He provides no further context supporting his allegation.    Attached to the second amended complaint is a Bellmawr Police Department Consent to Search/Seize form authorizing the search of the Liquor Mart video surveillance footage.    (ECF No. 25–3 p. 1.) The handwritten annotation—presumably by Clayton—labels two signatures on the form as "Known Forgery."    (*Id.*)    Neither signature appears to be Clayton's.    (*Id.*)

6.    The Court repeats that an individual challenging a search must establish that they had a reasonable expectation of privacy in the property searched.    *United States. v. Burnett*, 773 F.3d 122, 131 (3d Cir. 2014); *see also Miller v. Hassinger*, 173 F. App'x 948, 952 (3d Cir. 2006) (finding, in a Section 1983 action, that a landlord had not established a privacy interest in an apartment that he had leased).    That subjective expectation of privacy must be objectively reasonable and the individual must show that they took steps to maintain that privacy.    *Burnett*, 773 F.3d at 131.

7.    Clayton has therefore not only failed to plead any facts that plausibly support that signatures were forged, but—even if they were—he has failed to plead any expectation of privacy in the surveillance footage.    This issue of standing is fatal to Clayton's claim and has not been addressed despite his multiple opportunities to amend.    The Court concludes that Clayton has indicated that he is either unwilling or unable to plead standing to support his claims.    Dismissal is therefore warranted and amendment would be futile. *See Cook v. GameStop, Inc.*, 148 F.4th 153, 163 (3d Cir. 2025) (stating that

---

[1] Clayton also references a habeas corpus petition and alleges related violations of his First and Second Amendment rights and that he has been prevented from sending the Court the $5 necessary for his petition.    (Second Am. Compl. p. 2.)    As far as Clayton refers to his habeas corpus petition, that matter proceeds under Docket No. 26–cv–06873.

dismissal without prejudice is appropriate when standing is lacking, even when the court finds that amendment would be futile); *InvenTel Prods., LLC v. Li*, 406 F. Supp. 3d 396, 408 (D.N.J. 2019) (dismissing a count without prejudice for lack of standing, but denying leave to amend for futility).

Accordingly,

**IT IS** on this **16th** day of **July 2026   ORDERED** that:

1.     The Clerk shall reopen this matter for the limited purpose of entering this order.

2.     Clayton's second amended complaint at ECF No. 25 is **DISMISSED WITHOUT PREJUDICE**.

3.     Further leave to amend is **DENIED**.

4.     The Clerk shall send a copy of this order to Clayton's address of record and mark this case **CLOSED**.


   */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

3